Kevin M. Cassidy (*pro hac vice*)
Oregon Bar No. 025296
Earthrise Law Center
Lewis & Clark Law School
P.O. Box 445
Norwell, MA 02061
(781) 659-1696
cassidy@lclark.edu

Allison LaPlante (*pro hac vice*)
Oregon Bar No. 023614
Earthrise Law Center
Lewis & Clark Law School
10015 S.W. Terwilliger Blvd.
Portland, OR 97211
(503) 768-6894
laplante@lclark.edu

Adam Keats (*pro hac vice*)
California Bar No. 191157
CENTER FOR BIOLOGICAL DIVERSITY
351 California St., Suite 600
San Francisco, CA 94104
(415) 436-9682 x304
akeats@biologicaldiversity.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PRESCOTT DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; SIERRA CLUB; and GRAND CANYON WILDLANDS COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant. | Case No: 3:12-cv-08176-SMM<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFFS' RESPONSE TO THE FOREST SERVICE'S MOTION TO DISMISS IN EXCESS OF THE PAGE LIMIT** |

COME NOW Plaintiffs Center for Biological Diversity, Sierra Club and Grand Canyon Wildlands Council (collectively "Plaintiffs"), by and through undersigned

1

counsel, and file this Unopposed Motion for Leave to File Plaintiffs' Response to the Forest Service's Motion to Dismiss in Excess of the Page Limit.  Plaintiffs respectfully request that this Court grant Plaintiffs' request to exceed the page limits called for in the Local Rules for its Response to Defendant's Motion to Dismiss.  Defendant United States Forest Service ("Forest Service") does not oppose Plaintiffs' request for up to an additional ten pages for their Response.[1]  Plaintiffs' Response, which is lodged with the Court simultaneously with this Motion, is 27 pages.

On December 14, 2012, the Forest Service filed a Motion to Dismiss (Doc. 46), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiffs sought and received, on January 16, 2013, a 20-day extension to respond to the Forest Service's motion (Doc. 53).  As Plaintiffs indicated in their Motion for Extension of Time (Doc. 50), and as demonstrated by the Plaintiffs' lodged Response, the Forest Service's Motion to Dismiss raises numerous and significant legal and factual issues.

The Forest Service provides two bases for seeking dismissal of Plaintiffs' suit.  First, under Rule 12(b)(1), the Forest Service argues that Plaintiffs lack standing to bring suit.  To adequately respond to this assertion, Plaintiffs were required to provide details of their members' interests and injuries, explain how they are caused by Defendant's actions, and how this Court can provide redress.  In particular, the Forest Service has raised issues of administrative law regarding the potential remedies in this case, which the Plaintiffs were required to address in the context of redressability.

---

[1] Through their conferral on this motion, Plaintiffs and Defendant have also agreed that Plaintiffs would not oppose a request by Defendant for up to seven additional pages for its reply brief, should Defendant seek such an extension.

Because this is a jurisdictional motion made under Rule 12(b)(1), Plaintiffs have also provided evidence in the form of declarations to support the contentions in their Response.

The Forest Service also argues, under Rule 12(b)(6), that Plaintiffs have failed to allege facts sufficient to state a claim under the Resource Conservation and Recovery Act ("RCRA") against the Forest Service.  To adequately respond to the Forest Service's arguments regarding its lack of authority to address the harm to wildlife from spent lead ammunition in the Kaibab National Forest, Plaintiffs were required to set out the numerous statutory and regulatory provisions that provide the legal backdrop in support of their claims.  Additionally, Plaintiffs were required to address the significant body of case law regarding RCRA "imminent and substantial endangerment" claims, which Plaintiffs submit is highly relevant to the questions before the Court.  Plaintiffs' Response therefore includes substantial case law analysis.  Finally, Plaintiffs are unaware of the application of legal principles illuminated in the body of RCRA case law to the particular factual situation presented by this case—the disposal of spent lead ammunition on federal property that causes an imminent and substantial endangerment.  Accordingly, this case raises issues of first impression under RCRA.

For these reasons, Plaintiffs respectfully request this Court grant the Plaintiffs leave to exceed the page limit for their Response to Defendant's Motion to Dismiss.  A proposed order is attached to this filing, and immediately following the filing of this unopposed motion, Plaintiffs will submit, via electronic mail, the proposed order to chambers.  Plaintiffs' proposed Response and attachments will be lodged

3

1 | simultaneously with the filing of this Motion.

2

3 | Respectfully submitted,

4

5 | Dated:  February 5, 2013         /s/ Kevin Cassidy

6 | Kevin M. Cassidy
    Earthrise Law Center
7 | Lewis & Clark Law School
    P.O. Box 445
8 | Norwell, MA 02061
    (781) 659-1696
9 | cassidy@lclark.edu

10 | Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, which will send notification of such filing to the following:

**Dustin Maghamfar**, United States Department of Justice, Attorney for Defendant United States Forest Service.

**James Odenkirk**, Attorney for the State of Arizona.

**C.D. Michel**
**Scott M. Franklin**, Attorneys for National Rifle Association.

**Douglas S. Burdin**
**Anna M. Seidman**, Attorneys for Safari Club International.

**James D. Norman**
**Jay L. Shapiro**, Attorneys for National Shooting Sports Foundation.

**Adam Keats**
**Allison LaPlante**, Attorney for Plaintiffs.

/s/ *Kevin Cassidy*

5