FENNEMORE CRAIG, P.C.
Norman D. James (No. 06901)
Rhett A. Billingsley (No. 023890)
2394 E. Camelback Road
Suite 600
Phoenix, AZ  85016-2394
Telephone:  (602) 916-5000
Email:  njames@fclaw.com
          rbilling@fclaw.com

Attorneys for National Shooting Sports
Foundation, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity; Sierra Club; and Grand Canyon Wildlands Council, | No. CV-12-8176-PCT-SMM |
| Plaintiffs, | **LODGED:  Proposed ANSWER OF NATIONAL SHOOTING SPORTS FOUNDATION, INC. Attached** |
| v. | |
| United States Forest Service, | |
| Defendant, | |
| and | |
| National  Shooting  Sports  Foundation, Inc. | |
| Applicant for Intervention | |

1  FENNEMORE CRAIG, P.C.
   Norman D. James (No. 06901)
2  Rhett A. Billingsley (No. 023890)
   2394 E. Camelback Road
3  Suite 600
   Phoenix, AZ  85016-2394
4  Telephone:  (602) 916-5000
   Email:  njames@fclaw.com
5          rbilling@fclaw.com

6  Attorneys for National Shooting Sports
   Foundation, Inc.
7

8

9              **UNITED STATES DISTRICT COURT**

10                **DISTRICT OF ARIZONA**

11

12 Center for Biological Diversity; Sierra        No. CV-12-8176-PCT-SMM
   Club; and Grand Canyon Wildlands
13 Council,

14            Plaintiffs,                          **ANSWER OF NATIONAL SHOOTING**
                                                   **SPORTS FOUNDATION, INC.**
15       v.

16 United States Forest Service,

17            Defendant,

18            and

19 National  Shooting  Sports  Foundation,
   Inc.
20
                 Intervenor-Defendant
21

22

23       National Shooting Sports Foundation, Inc. ("NSSF"), a Connecticut corporation,

24 hereby answers the Complaint for Declaratory and Injunctive Relief ("Complaint") filed

25 by plaintiffs Center for Biological Diversity; Sierra Club; and Grand Canyon Wildlands

26

FENNEMORE CRAIG
A PROFESSIONAL CORPORATION
PHOENIX

1  Council (collectively "Plaintiffs") against defendant United States Forest Service ("Forest
2  Service"), and states as follows:

3  **NATURE OF THE CASE**

4      1.    In response to the allegations contained in paragraph 1 of the Complaint,
5  NSSF alleges that this paragraph constitutes Plaintiffs' statement of the case and does not
6  require a response.  To the extent that a response is required, NSSF denies the allegations
7  contained in paragraph 1 of the Complaint.

8      2.    In response to the allegations contained in paragraph 2 of the Complaint,
9  NSSF admits that this action is brought under the Resource Conservation and Recovery
10  Act ("RCRA") but lacks sufficient information at this time to admit or deny that the suit is
11  "authorized."  To the extent that a response is required to the second allegation in
12  paragraph 2 of the Complaint, NSSF denies the allegation.

13      3.    In response to the allegations contained in paragraph 3 of the Complaint,
14  NSSF denies the allegation that "[s]pent ammunition disposed of on Forest Service land
15  presents an 'imminent and substantial endangerment to health or the environment' [and
16  that the alleged] endangerment is ongoing as of the date of this complaint."  To the extent
17  that paragraph 3 sets forth other factual allegations, NSSF states that it is without
18  knowledge sufficient to form a belief as to the truth of the factual allegations contained in
19  this paragraph.

20      4.    In response to the allegations contained in paragraph 4 of the Complaint,
21  NSSF alleges that this paragraph constitutes Plaintiffs' statement of the case and does not
22  require a response.  To the extent that paragraph 4 sets forth other factual allegations,
23  NSSF states that it is without knowledge sufficient to form a belief as to the truth of the
24  factual allegations contained in this paragraph.

25
26

**JURISDICTION AND VENUE**

5.     NSSF admits the allegations contained in paragraph 5 of the Complaint regarding the jurisdiction of the court over this action.  To the extent that paragraph 5 sets forth conclusions of law, no response is required.

6.     Paragraph 6 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that paragraph 6 sets forth any factual allegations, NSSF is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in paragraph 6.

7.     Answering paragraph 7 of the Complaint, NSSF admits that the Kaibab National Forest is within this judicial district and that the Prescott Division of this Court includes Coconino County.  The balance of paragraph 7 sets forth conclusions of law concerning venue to which no response is required.

**PARTIES**

8.     NSSF admits the first two sentences of paragraph 8 of the Complaint.  The balance of paragraph 8 sets forth conclusions of law concerning the Forest Service's authority and duties to which no response is required.

9.     Answering paragraph 9 of the Complaint, NSSF is without knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiff entities and their members.

10.     Answering paragraph 10 of the Complaint, NSSF is without knowledge sufficient to form a belief as to the truth of the allegations concerning the activities of Plaintiff entities and their members but specifically denies that the California condor or any other species is "particularly susceptible" to impacts from lead ammunition.

11.     Answering paragraph 11 of the Complaint, NSSF is without knowledge sufficient to form a belief as to the truth of the allegations concerning the activities of

Plaintiff entities and their members but specifically denies that a "variety" of wildlife exists that is "known to be adversely affected" by lead ammunition.

12.     Answering paragraph 12 of the Complaint, NSSF is without knowledge sufficient to form a belief as to the truth of the allegations concerning the activities of Plaintiff entities and their members.

13.     In response to the allegations contained in paragraph 13 of the Complaint, NSSF denies the allegation that "Forest Service's action and inaction with respect to the use of lead ammunition . . . may present an imminent and substantial endangerment to health or the environment."  The balance of paragraph 13 sets forth conclusions of law concerning the Forest Service's authority to which no response is required.  NSSF is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 concerning the manner in which the Forest Service administers National Forest System lands.

14.     Answering paragraph 14 of the Complaint, NSSF is without knowledge sufficient to form a belief as to the truth of the allegations concerning the beliefs and activities of Plaintiff entities and their members but deny that traditional ammunition is a toxic contaminant or pollutant.

15.     Answering paragraph 15 of the Complaint, NSSF is without knowledge sufficient to form a belief as to the truth of the allegations concerning the activities of Plaintiff entities and their members, but deny that the use of lead ammunition adversely affects wildlife population or poses a human health risk.

16.     Answering paragraph 16 of the Complaint, NSSF is without knowledge sufficient to form a belief as to the truth of the allegations concerning the beliefs and activities of Plaintiff entities and their members.  To the extent paragraph 16 sets forth conclusions of law concerning the Forest Service's authority, no further response is required.

**LEGAL BACKGROUND**

**A.      Citizen Suits under the Resource Conservation and Recovery Act**

17.      Paragraph 17 of the Complaint consists of legal argument concerning the enactment of RCRA, to which no response is required.  NSSF affirmatively alleges that RCRA and its implementing regulations speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 17.

18.      Paragraph 18 of the Complaint consists of legal argument concerning the enactment of RCRA, to which no response is required.  NSSF affirmatively alleges that RCRA and its implementing regulations speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 18.

19.      Paragraph 19 of the Complaint quotes a section of RCRA to which no response is required.  NSSF affirmatively alleges that RCRA and its implementing regulations speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 19.

20.      Paragraph 20 of the Complaint quotes a section of RCRA to which no response is required.  NSSF affirmatively alleges that RCRA and its implementing regulations speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 20.

**B.      Forest Service Authority to Regulate Activities on Forest Service Land**

21.      Paragraph 21 of the Complaint consists of legal argument concerning the Property Clause of U.S. Constitution, decisions of the U.S. Supreme Court and acts of the U.S. Congress to which no response is required.  NSSF affirmatively alleges that the laws and opinions referenced speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 21.

22.      Paragraph 22 of the Complaint consists of legal argument regarding various acts of Congress to which no response is required.  NSSF affirmatively alleges that the

laws referenced speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 22.

23.     Paragraph 23 of the Complaint consists of legal argument regarding various Forest Service regulations to which is no response is required.  NSSF affirmatively alleges that the regulations referenced speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 23.

24.     Paragraph 24 of the Complaint consists of legal argument regarding various Forest Service regulations to which is no response is required.  NSSF affirmatively alleges that the regulations referenced speak for themselves.  To the extent any further response is required, NSSF denies the remaining allegations in paragraph 24.

## FACTS

25.     Answering paragraph 25 of the Complaint, NSSF denies that the use of lead ammunition adversely affects wildlife population or poses a human health risk, and denies the balance or said paragraph as vague and overbroad.

26.     Answering paragraph 26 of the Complaint, NSSF admits that lead is used in many forms of ammunition, including bullets used for hunting.

27.     Answering paragraph 27 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in paragraph 27.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 27 of the Complaint as vague and overbroad.

28.     Answering paragraph 28 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in paragraph 28.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 28 of the Complaint as vague and overbroad.

29.     Answering paragraph 29 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in

paragraph 29.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 29 of the Complaint as vague and overbroad.

30.     Answering paragraph 30 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in paragraph 30.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 30 of the Complaint as vague and overbroad.

31.     Answering paragraph 31 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in paragraph 31.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 31 of the Complaint as vague and overbroad.

32.     Paragraph 32 of the Complaint consists of legal argument regarding various Federal regulations to which no response is required.  NSSF affirmatively alleges that the regulations referenced speak for themselves.   To the extent any further response is required, NSSF denies the remaining allegations in paragraph 32.

33.     Answering paragraph 33 of the Complaint, NSSF admits the Forest Service manages Kaibab National Forest and allows lead ammunition to be used for hunting. NSSF is without knowledge sufficient to form a belief as to the truth of the remaining factual allegations contained in this paragraph.

34.     Answering paragraph 34 of the Complaint, NSSF admits that the Forest Service issues special use permits for various outdoor activities, such as hunting, and that the Arizona Game and Fish Department does not prohibit or restrict the use of lead ammunition for hunting within the Kaibab National Forest.  NSSF is without knowledge sufficient to form a belief as to the truth of the remaining factual allegations contained in this paragraph.   To the extent any further response is required, NSSF denies the allegations contained in paragraph 34 of the Complaint.

FENNEMORE CRAIG
A PROFESSIONAL CORPORATION
PHOENIX

35.     Answering paragraph 35 of the Complaint, NSSF admits that condors are scavengers that feed on the remains of dead animals.   NSSF is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.   To the extent any further response is required, NSSF denies the allegations contained in paragraph 35 of the Complaint as vague and overbroad.

36.     Answering paragraph 36 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.

37.     Answering paragraph 37 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.   To the extent any further response is required, NSSF denies the allegations contained in paragraph 37 of the Complaint.

38.     Answering paragraph 38 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.   To the extent any further response is required, NSSF denies the allegations contained in paragraph 38 of the Complaint.

39.     Answering paragraph 39 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.  To the extent paragraph 39 refers to the "SCRT 2012 Report," the report speaks for itself.   To the extent any further response is required, NSSF denies the allegations contained in paragraph 39 of the Complaint.

40.     Answering paragraph 40 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.  To the extent paragraph 40 refers to documents, the documents speak for themselves.   To the extent any further response is required, NSSF denies the allegations contained in paragraph 40 of the Complaint.

41.     Answering paragraph 41 of the Complaint, NSSF admits that condors often feed in groups.  NSSF is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 41 of the Complaint.

42.     Answering paragraph 42 of the Complaint, NSSF states that it is without knowledge sufficient to form a belief as to the truth of the factual allegations contained in this paragraph.  To the extent paragraph 42 refers to the 2012 "SCRT study," NSSF states the study speaks for itself.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 42 of the Complaint.

**FIRST CLAIM FOR RELIEF**

43.     In response to paragraph 43 of the Complaint, NSSF realleges and incorporates by reference the responses contained in paragraph 1 through 42, hereinabove.

44.     Paragraph 44 of the Complaint consists of legal argument regarding RCRA to which no response is required.   NSSF affirmatively alleges that RCRA and its implementing regulations speak for themselves.  To the extent any further response is required, NSSF denies the allegations contained in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint sets forth conclusions of law to which no response is required.  To the extent paragraph 45 contends "[t]he Forest Service . . . has contributed and is contributing to the past or present disposal of solid or hazardous waste, which may present an imminent and substantial endangerment to health or the environment[,]" that contention is expressly denied.  To the extent that any further response is required, NSSF denies the allegations of paragraph 45.

46.     Paragraph 46 of the Complaint sets forth conclusions of law to which no response is required.  To the extent that any further response is required, NSSF denies the allegations of paragraph 46.

47.     Each and every allegation of fact in the Complaint which is not specifically admitted hereinabove is denied.

## REQUEST FOR RELIEF

48.     Paragraph 47 of the Complaint sets forth Plaintiffs' Request for Relief to which no response is required.  To the extent a response is required, NSSF denies that Plaintiffs are entitled to the relief sought or any relief under its RCRA claim.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

## First Affirmative Defense

## (Failure to State a Claim for Relief)

49.     As a separate and distinct affirmative defense to the Complaint and to each claim for relief contained therein, NSSF is informed and believes, and on that basis alleges, that the Court should dismiss some or all of Plaintiffs' claims for failure to state a claim upon which relief can be granted.

## Second Affirmative Defense

## (50 C.F.R. § 17.84)

50.     As a separate and distinct affirmative defense to the Complaint and to each relevant claim for relief contained therein, NSSF is informed and believes, and on that basis alleges, that any claims based on the alleged impact of lead ammunition use on California condors are prohibited by or would frustrate the intent of 50 C.F.R. § 17.84(j)(2)(i).

## Third Affirmative Defense

## (Failure to Join Indispensable Parties)

51.     As a separate and distinct affirmative defense to the Complaint and to each relevant claim for relief contained therein, NSSF is informed and believes, and on that basis alleges, that the Court should dismiss some or all of Plaintiffs' claims for failure to join an indispensable party.

1    WHEREFORE, having fully answered Plaintiffs' Complaint with respect to the

2  Forest Service's alleged violation of RCRA and its implementing regulations, NSSF prays

3  that judgment be entered against Plaintiff and in favor of the Defendants herein on such

4  claim, and that all relief requested by Plaintiffs arising out of or relating to their first claim

5  for relief be denied.

6    DATED this 7th day of April, 2016.

7
                                        FENNEMORE CRAIG, P.C.
8

9
                                        By   s/  Norman D. James
10                                           Norman D. James
                                             Rhett A. Billingsley
11                                           Attorneys for National Shooting Sports
                                             Foundation, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FENNEMORE CRAIG
A PROFESSIONAL CORPORATION
PHOENIX

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2016, I electronically lodged the foregoing PROPOSED ANSWER OF NATIONAL SHOOTING SPORTS FOUNDATION, INC. with the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Adam F. Keats
Center for Biological Diversity
351 California Street, Suite 600
San Francisco, CA  94104
415-436-9682
Fax: 415-436-9683
Email: akeats@centerforfoodsafety.org
Attorney for Plaintiffs

Kevin M. Cassidy
Earthrise Law Center
Lewis & Clark Law School
P.O. Box 445
Norwell, MA  02061
781-659-1696
Email: cassidy@lclark.edu
Attorney for Plaintiffs

Dustin J. Maghamfar
U.S. Dept. of Justice - Environmental & Natural Resources
P.O. Box 7611
Washington, D.C.  20044
202-514-1806
Fax: 202-514-8865
Email: dustin.maghamfar@usdoj.gov
Attorney for Defendant, United States Forest Service

Allison LaPlante
Earthrise Law Center - Portland OR
Lewis & Clark Law School
10015 SW Terwilliger Blvd.
Portland, OR  97219
503-768-6894
Fax:  503-768-6642
Email: laplante@lclark.edu
Attorney for Plaintiffs

James Frederick Odenkirk
Office of the Attorney General
1275 W. Washington
Phoenix, AZ  85007-2997
602-542-7787
Fax:  602-542-7798
Email:  james.odenkirk@azag.gov
Attorney for State of Arizona

Anna Margo Seidman
Safari Club International
501 2nd St NE
Washington, DC 20002
202-543-8733
Fax: 202-543-1205
Email: aseidman@safariclub.org
Attorney for Safari Club International

Douglas Scott Burdin
Safari Club International
501 2nd St NE
Washington, DC 20002
202-543-8733
Fax: 202-543-1205
Email: dburdin@safariclub.org
Attorney for Safari Club International

Carl Dawson Michel
Michel & Associates PC
180 E Ocean Blvd., Ste 200
Long Beach, CA 90802
562-216-4444
Fax: 562-216-4445
Email: cmichel@michelandassociates.com
Attorney for National Rifle Association

1

Scott M Franklin
Michel & Associates PC

2

180 E Ocean Blvd., Ste. 200
Long Beach, CA 90802

3

562-216-4444
Fax: 562-216-4445

4

Email: sfranklin@michellawyers.com
Attorney for National Rifle Association

5

6

                                  s/Norman D. James

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26