C. D. Michel - Cal. B.N. 144258
(pro hac vice granted)
W. Lee Smith – Cal. B.N. 196115
(pro hac vice application forthcoming)
Scott M. Franklin - Cal. B.N. 240254
(pro hac vice granted)
MICHEL & ASSOCIATES, PC
180 E. Ocean Boulevard, Suite No. 200
Long Beach, CA 90802
Facsimile:      562-216-4445
Emails:         cmichel@michellawyers.com
                lsmith@michellawyers.com
                sfranklin@michellawyers.com
Telephone:      562-216-4444

Douglas S. Burdin, D.C. B.N. 434107
(pro hac vice granted)
Anna M. Seidman, D.C. B.N. 417091
(pro hac vice granted)
Safari Club International
501 2nd Street, NE
Washington, D. C. 20002
Facsimile:      202-543-1205
Emails:         dburdin@safariclub.org
                aseidman@safariclub.org
Telephone:      202-543-8733

Attorneys for Proposed Defendant-
Intervenors National Rifle Association
of America and Safari Club International

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

# PRESCOTT DIVISION

| | |
|---|---|
| Center for Biological Diversity, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>United States Forest Service,<br><br>Defendant,<br><br>National Rifle Association of America and Safari Club International,<br><br>Proposed Defendant-Intervenors. | CASE NO. 3:12-cv-08176-PCT-SMM<br><br>**[PROPOSED] ANSWER OF THE NATIONAL RIFLE ASSOCIATION OF AMERICA AND SAFARI CLUB INTERNATIONAL TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

      The National Rifle Association of America and Safari Club International, (collectively "NRA and SCI") by and through counsel and pursuant to the Federal Rules of Civil Procedure and the local rules of this Court, respectfully submit this answer, upon information and belief, to the individually numbered paragraphs in Center for Biological Diversity et al.'s (collectively "Plaintiffs") Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

      NRA and SCI answer each paragraph of the Complaint without waiving and expressly reserving all rights that they may have to seek relief by appropriate motions.

## NATURE OF THE CASE

1. To the extent that Paragraph 1 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 1 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 1.

2. To the extent that Paragraph 2 sets forth conclusions of law, no response is required. To the extent a response is required, the statutory provisions referenced in Paragraph 2 speak for themselves and are the best evidence of their content. To the extent that Paragraph 2 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as

to the truth and/or accuracy of the statements included in Paragraph 2 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 2.

3. To the extent Paragraph 3 contends "[s]pent ammunition disposed of on Forest Service land presents an 'imminent and substantial endangerment to health or the environment' [and that the alleged] endangerment is ongoing as of the date of this complaint[,]" those contentions are expressly denied. To the extent that Paragraph 3 sets forth other factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 3 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 3.

4. To the extent that Paragraph 4 is a prayer for relief, no response is required. To the extent that any response is required, NRA and SCI deny there is a right to the relief prayed for. To the extent that Paragraph 4 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 4 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. To the extent that Paragraph 5 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 5 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 5.

6. To the extent that Paragraph 6 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 6 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 6 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 6 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 6.

7. To the extent that Paragraph 7 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 7 speak for themselves and are the best evidence of their own content. To the extent that Paragraph 7 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in

Paragraph 7 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 7.

**PARTIES**

8. NRA and SCI admit that the Forest Service is a federal agency within the United States Department of Agriculture. As to the rest of the factual allegations set forth in Paragraph 8, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 8 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 8.

9. NRA and SCI respond to the subparts of paragraph 9 as follows:

   a. **Center for Biological Diversity.** NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 9(a) and consequently deny those statements.

   b. **Sierra Club.** NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 9(b) and consequently deny those statements.

   c. **Grand Canyon Wildlands Council.** NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or

accuracy of the statements included in Paragraph 9(c) and consequently deny those statements.

10. NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 10 and consequently deny those statements.

11. NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 11 and consequently deny those statements.

12. NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 12 and consequently deny those statements.

13. To the extent Paragraph 13 contends "Forest Service's action and inaction with respect to the use of lead ammunition . . . may present an imminent and substantial endangerment to health or the environment[,]" that contention is expressly denied. NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of any other statements included in Paragraph 13 and consequently deny those statements. To the extent Paragraph 13 sets forth conclusions of law, no further response is required.

14. NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 14 and consequently deny those statements.

15. NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 15 and consequently deny those statements.

16. NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 16 and consequently deny those statements. To the extent Paragraph 16 sets forth conclusions of law, no further response is required.

## LEGAL BACKGROUND

**A. Citizen Suits under the Resource Conservation and Recovery Act**

17. To the extent that Paragraph 17 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 17 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 17.

18. To the extent that Paragraph 18 sets forth conclusions of law, no further response is required. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 18.

NRA and SCI'S [PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT

19. To the extent that Paragraph 19 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 19 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 19.

20. To the extent that Paragraph 20 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 20 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 20.

**B. Forest Service Authority to Regulate Activities on Forest Service Land**

21. To the extent that Paragraph 21 sets forth conclusions of law, no further response is required. To the extent that a response is required, the provisions referred to in Paragraph 21 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 21.

22. To the extent that Paragraph 22 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 22 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 22.

23. To the extent that Paragraph 23 sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions referred to in Paragraph 23 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 23.

24. To the extent that Paragraph 24 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 24 and consequently deny those statements. To the extent that Paragraph 24 sets forth conclusions of law, no further response is required. To the extent that a response is required, the regulatory provisions referred to in Paragraph 24 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 24.

**FACTS**

25. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 25. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 25.

26. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in

Paragraph 26. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 26.

27. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 27. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 27.

28. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 28. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 28.

29. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 29. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 29.

30. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 30. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 30.

31. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in

Paragraph 31. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 31.

32. To the extent Paragraph 32 refers to publications in the Federal Register, the publications speak for themselves and are the best evidence of their own content. To the extent that Paragraph 32 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 32 and consequently deny those statements.

33. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 33. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 33.

34. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 34. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 34.

35. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 35. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 35.

36. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 36. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 36.

37. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 37. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 37.

38. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 38. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 38.

39. To the extent that Paragraph 39 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 39 and consequently deny those statements. To the extent Paragraph 39 refers to the "SCRT 2012 Report" the report speaks for itself, and is the best evidence of its own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 39.

40. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in

Paragraph 40. To the extent Paragraph 40 refers to documents, the documents speak for themselves, and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 40.

41. NRA and SCI lack sufficient knowledge and/or information at this time to form a belief as to the truth and/or accuracy of the statements contained in Paragraph 41. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 41.

42. To the extent that Paragraph 42 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 42 and consequently deny those statements. To the extent Paragraph 42 refers to the 2012 "SCRT study," the study speaks for itself, and is the best evidence of its own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 42.

**FIRST CLAIM FOR RELIEF:**

43. NRA and SCI re-allege and incorporate all their responses from all the proceeding paragraphs.

44. To the extent that Paragraph 44 sets forth conclusions of law, no further response is required. To the extent that a response is required, the statutory provisions referred to in Paragraph 44 speak for themselves and are the best

evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 44.

45. To the extent that Paragraph 45 sets forth conclusions of law, no further response is required. To the extent Paragraph 45 contends "[t]he Forest Service . . . has contributed and is contributing to the past or present disposal of solid or hazardous waste, which may present an imminent and substantial endangerment to health or the environment[,]" that contention is expressly denied. To the extent that a further response is required, the statutory provisions referred to in Paragraph 45 speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 45.

46. To the extent Paragraph 46 contends "[t]he Forest Service . . . has contributed and is contributing to the past or present disposal of solid or hazardous waste, which may present an imminent and substantial endangerment to health or the environment[,]" that contention is expressly denied. To the extent that Paragraph 46 sets forth further factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 46 and consequently deny those statements. To the extent that Paragraph 46 sets forth conclusions of law, no further response is required.

To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 46.

### REQUEST FOR RELIEF

47. To the extent that Paragraph 47 is a prayer for relief, no response is required. To the extent that any response is required, NRA and SCI deny there is a right to the relief prayed for. To the extent that Paragraph 47 sets forth factual allegations, NRA and SCI lack sufficient knowledge or information to form a belief as to the truth and/or accuracy of the statements included in Paragraph 47 and consequently deny those statements. To the extent that any further response is required, NRA and SCI deny the allegations of Paragraph 47.

48. Any allegations not expressly admitted or responded to herein are hereby denied.

### NRA and SCI'S PRAYER

NRA and SCI requests that this Court:

1. Deny Plaintiffs the relief they seek;

2. Award NRA and SCI and the United States Forest Service their costs and attorney fees to the extent provided for by law under 42 U.S.C. § 6972(e) or otherwise; and

3. Grant NRA and SCI such other relief as the Court deems just and proper.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

As a separate and distinct affirmative defense to the Complaint and to each claim for relief contained therein, NRA and SCI are informed and believe, and on that basis allege, that the Court should dismiss some or all of Plaintiffs' claims for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (50 C.F.R. § 17.84)

As a separate and distinct affirmative defense to the Complaint and to each relevant claim for relief contained therein, NRA and SCI are informed and believe, and on that basis allege, that any claims based on the alleged impact of lead ammunition use on California condors are prohibited by or would frustrate the intent of 50 C.F.R. section 17.84(j)(2)(i).

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

As a separate and distinct affirmative defense to the Complaint and to each relevant claim for relief contained therein, NRA and SCI are informed and believe, and on that basis allege, that the Court should dismiss some or all of Plaintiffs' claims for failure to join an indispensable party.

1  Respectfully submitted this 14th day of April, 2016.

                    **MICHEL & ASSOCIATES, P.C.**

                    /s/ C.D. Michel
                    C.D. Michel, *Attorneys for Proposed Defendant-Intervenor National Rifle Association of America*

                    **SAFARI CLUB INTERNATIONAL**

                    /s/ Douglas S. Burdin
                    Douglas S. Burdin
                    Anna M. Seidman
                    Safari Club International
                    *Attorneys for Proposed Defendant-Intervenor Safari Club International*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2016, I electronically transmitted the [Proposed] Answer of the National Rifle Association of America and Safari Club International to Plaintiffs' Complaint For Declaratory And Injunctive Relief to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Adam F. Keats
Center for Biological Diversity
351 California St., Suite 600
San Francisco, CA 94104
415-436-9682
Fax: 415-436-9683
Email: akeats@biologicaldiversity.org

Attorney for Plaintiffs

Kevin M. Cassidy
Pacific Environmental Advocacy Center
Lewis & Clark Law School
P.O. Box 445
Norwell, MA 02061
781-659-1696
Email: cassidy@lclark.edu

Attorney for Plaintiffs

Dustin J. Maghamfar
U.S. Dept. of Justice - Environmental & Natural Resources
P.O. Box 7611
Washington, DC 20044
202-514-1806
Fax: 202-514-8865
Email: dustin.maghamfar@usdoj.gov

Attorney for Defendant, United States Forest Service

James Frederick Odenkirk
Office of the Attorney General
1275 W Washington
Phoenix, AZ 85007-2997
602-542-7787
Fax: 602-542-7798
Email: james.odenkirk@azag.gov

Attorney for Defendant Intervenor, State of Arizona

Norman D. James (No. 06901)
Rhett A. Billingsley (No. 023890)
FENNEMORE CRAIG, P.C.
2394 E. Camelback Road
Suite 600
Phoenix, AZ 85016-2394
(602) 916-5000
Email: njames@fclaw.com
rbilling@fclaw.com
Attorney for Intervenor Applicant
National Shooting Sports Foundation

/s/ Douglas S. Burdin
Douglas S. Burdin