*Center for Biological Diversity, et al. v. United States Forest Service*
Case No. 3:12-cv-08176-SMM

**Index of Exhibits to Plaintiffs' Response in Opposition to Motion for Leave to Intervene by the National Rifle Association of America and Safari Club International**

| Exhibit Number | Description |
|---|---|
| 1 | *Idaho Rivers United v. Probert*, No. 3:16-cv-00102-CWD, slip op. (D. Idaho, Apr. 19, 2016). |
| 2 | A REVIEW OF THE THIRD FIVE YEARS IF THE CALIFORNIA CONDOR REINTRODUCTION PROGRAM IN THE SOUTHWEST (2007–2011) |
| 3 | *Lead Bullet Risks for Wildlife & Humans*, National Park Service, https://www.nps.gov/pinn/learn/nature/leadinfo.htm |
| 4 | Condors and Lead, Ariz. Game & Fish Dep't, http://www.azgfd.gov/w_c/california_condor_lead.shtml |

# EXHIBIT 1

Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO RIVERS UNITED and FRIENDS OF THE CLEARWATER, <br><br> Plaintiffs, <br><br> v. <br><br> NEZ-PERCE CLEARWATER FOREST SUPERVISOR CHERYL F. PROBERT; UNITED STATES FOREST SERVICE; NOAA FISHERIES; and U.S. FISH AND WILDLIFE SERVICE, <br><br> Defendants, <br><br> and <br><br> IDAHO FOREST GROUP LLC, a Delaware limited liability company, and R & R CONNER AVIATION LLC, a Montana limited liability company, <br><br> Prospective Defendant-Intervenors. | Case No. 3:16-cv-00102-CWD <br><br> **ORDER RE: MOTION TO INTERVENE (DKT. 20)** |

**ORDER RE: MOTION TO INTERVENE-1**

Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene

# INTRODUCTION

Pending before the Court is a Motion to Intervene (Dkt. 20) filed April 11, 2016 by Idaho Forest Group, LLC, and R & R Conner Aviation, LLC. Both movants seek to intervene as Defendants in support of timber harvesting as authorized by the United States Forest Service through the Johnson Bar Fire Salvage Project. They seek to intervene as a matter of right, or alternatively, permissively, under Fed. R. Civ. P. 24. Plaintiffs oppose the motion and Defendants take no position on whether intervention should be granted.

Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, this matter will be decided on the record without oral argument. Dist. Idaho Loc. Civ. R. 7.1. For the reasons stated below, the Court will deny the motion.

## FACTUAL AND PROCEDURAL BACKGROUND

The Johnson Bar Fire Salvage Project is a timber sale that will harvest approximately 34 million board of feet of timber from 2,104 acres of Nez Perce National Forest land. The Forest Service has approved the Project for the purpose of recovering the value of dead and dying timber before it loses its economic value, which "would assist in supporting the economic structure of local communities, and contribute to regional and national needs…." FEIS, at 11.

**ORDER RE: MOTION TO INTERVENE-2**

**Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene**

On March 11, 2016, Idaho Rivers United and Friends of the Clearwater filed a Complaint against the Nez Perce-Clearwater Forest Supervisor, the United States Forest Service, NOAA Fisheries, and the U.S. Fish and Wildlife Service, challenging the Forest Service's approval of the Johnson Bar Salvage Project pursuant to the Administrative Procedures Act. Plaintiffs contend Defendants violated their statutory duties under the National Environmental Policy Act (NEPA), the Wild and Scenic Rivers Act (WSRA), and the Endangered Species Act (ESA) in connection with approval of the Project.

Within days of filing the Complaint, the parties contacted the Court to schedule a hearing on Plaintiffs' anticipated motion for preliminary injunction, as logging and other Project work is set to begin on May 15, 2016. The parties and Court agreed to tentatively schedule the hearing on April 26, 2016, with an expedited briefing schedule: Plaintiffs to file their motion for preliminary injunction by April 6, 2016; Defendants to file their response by April 19; and replies, if any, due April 22.

The Forest Service moved forward with the auction of the timber sales contracts (Hot Deck and Peterson Point) and notified potential purchasers of the pending litigation by at least March 17, 2016. *See* Dec. Lucas, Ex. 2. (Dkt. 26-3.) In both the Peterson Point and Hot Deck Addendums to Timber Sale Prospectus, the Forest Service disclosed this litigation and corresponding case number. (Dkt. 26-2.) Idaho Forest Group was awarded the Peterson Point contract on March 30, 2016 and R&R Conner Aviation was awarded the contract on or about April 4, 2016. Plaintiffs filed their Motion for Preliminary Injunction on April 6, 2016. Idaho Forest Group and R&R Conner Aviation filed this Motion to Intervene on April 11, 2016.

**ORDER RE: MOTION TO INTERVENE-3**

Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene

## ANALYSIS

### I. Legal Standard

The Federal Rules of Civil Procedure set forth two types of intervention: 1) as a matter of right; and 2) permissive. *See* Fed.R.Civ.P. 24(a)(2), 24(b). To intervene as of right under Rule 24(a)(2), the prospective intervenor must demonstrate: (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the motion is timely; and (4) the applicant's interest may be inadequately represented by the parties to the action. *Wilderness Soc. v. U.S. Forest Servs.,* 630 F.3d 1173, 1177 (9th Cir. 2011). The party seeking to intervene bears the burden of showing all requirements for intervention have been met. *United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th Cir. 2002); *see also Perry v. Proposition 8 Official Proponents,* 587 F.3d 947, 950 (9th Cir. 2009) ("failure to satisfy any one of the requirements is fatal to the application"). In determining whether intervention is appropriate, courts are guided primarily by practical and equitable concerns, and the requirements for intervention are broadly interpreted in favor of intervention. *City of Los Angeles,* 288 F.3d at 397, *cited in Wilderness Soc.,* 630 F.3d at 1179.

An applicant seeking permissive intervention under Rule 24(b)(2) must prove three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th

**ORDER RE: MOTION TO INTERVENE-4**

Case 3:16-cv-00569-MW-DD Document 108-1 Filed 04/28/16 Page 7 of 11
Case 3:16-cv-00076-MW-DD Document 19 Filed 04/12/16 Page 5 of 9

Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene

Cir. 1998). The court must also consider whether "intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.; see* Fed.R.Civ.P. 24(b)(3).

## II. Intervention as of Right

For the reasons explained below, the Court finds Idaho Forest Group and R&R Conner Aviation have failed to meet their burden to intervene as of right pursuant to Fed. R. Civ. P. 24(a).

### A. Legally Protectable Interest

A sufficient protectable interest in an action for purposes of intervention is a "practical, threshold inquiry." *City of Los Angeles,* 288 F.3d at 398. No specific legal or equitable interest needs to be established. *Id.* By allowing a party with a practical interest in the outcome of the case to intervene, courts prevent or simplify future litigation and allow additional interested parties to express their views before the court. *See Forest Conservation Council v. U.S. Forest Service,* 66 F.3d 1489, 1493 (9th Cir. 1995) (quoting *Greene v. United States,* 996 F.2d 973, 976 (9th Cir. 1993). But, the movant must demonstrate a significant interest protected by some law and related to the plaintiff's claim. *City of Los Angeles,* 288 F.3d at 398. *See also Wilderness Soc.,* 630 F.3d at 1180 ("intervenor will generally demonstrate a sufficient interest for intervention of right ... if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'").

The Idaho Forest Group and R&R Conner Aviation assert they possess an interest in their contracts to harvest timber under the Johnson Bar Fire Salvage Project and that those interests could be potentially affected by the outcome of this litigation. Although

**ORDER RE: MOTION TO INTERVENE-5**

**Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene**

the Court agrees that prospective intervenors have contractual interests in connection with the timber sales, their interests were acquired after this litigation began, and as indicated by the Timber Sale Prospectuses, they knew these contractual interests could be potentially affected by this litigation.

The prospective intervenors must demonstrate that their interests are "protected by some law and related to the plaintiff's claim." *Ctr. for Biological Diversity v. Kelly*, 2014 WL 3445733, at *4 (D. Idaho July 11, 2014). The prospective intervenors fail in this feat. They neither identify the law that protects their interests nor do they demonstrate how their contractual interests are protectable in relation to the Plaintiffs' challenges to whether the Federal Defendants fulfilled their statutory duties under NEPA, WSRA, and ESA in approving the Johnson Bar Fire Salvage Project. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996) ("While it is true that a prospective intervenor's interest need only be protected under *some* law… the interest must relate to the litigation in which it seeks to intervene.").

### B. Prospective Intervenors' Interests are Adequately Represented

Even assuming the prospective intervenors have some legally protectable interest in this action, the Court finds they have failed also to carry their burden of demonstrating these interests will not be adequately represented by the Federal Defendants.

The Court considers three factors when determining the adequacy of representation: (1) whether the interest of a present party is such that it undoubtedly will make all of a prospective intervenor's arguments; (2) whether the present party is capable

**ORDER RE: MOTION TO INTERVENE-6**

Case 3:16-cv-00076-CWD Document 108-1 Filed 04/28/16 Page 9 of 11
Case 3:16-cv-00076-CWD Document 19 Filed 04/12/16 Page 7 of 9

Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene

and willing to make such arguments; and (3) whether a prospective intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Arakaki,* 324 F.3d at 1086. The burden on prospective intervenors in showing inadequate representation is minimal, and is satisfied if they demonstrate that representation of their interests "may be" inadequate. *Id.*

The most important factor among the above three is how the prospective intervenor's interest compares with the interests of the existing parties. *Perry,* 587 F.3d at 947 (citing *Arakaki,* 324 F.3d at 1086). But where the party and prospective intervenor share the same "ultimate objective," a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a "compelling showing" to the contrary. *Id* .

The prospective intervenors argue the Federal Defendants cannot adequately protect their private, "vested" economic and parochial concerns related to maintaining employment of their employees. However, the FEIS clearly states:

> The purpose of the Johnson Bar Fire Salvage Project would be to salvage dead and dying timber before it loses its economic value, <u>which would assist in supporting the economic structure of local communities</u>, and contribute to regional and national needs….

FEIS, at 11. (emphasis added). The Forest Service moved forward with the Project and auctioned the timber sales in March of 2016, despite the pendency of this litigation. As such, the Forest Service's interest in supporting the economic interests of the local communities could not be any more congruent with the economic interests the prospective intervenors seek to protect. The prospective intervenors have failed to argue

**ORDER RE: MOTION TO INTERVENE-7**

Case 3:16-cv-00106-CWD Document 19-1 Filed 04/28/16 Page 10 of 11
Case 1:16-cv-00106-CWD Document 13 Filed 04/28/16 Page 8 of 9

Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene

anything to the contrary regarding the adequacy of representation. Failure to meet their burden on this factor is fatal to intervention as a matter of right.[1]

### III. Permissive Intervention

Permissive intervention under Fed.R.Civ.P. 24(b) requires only that an intervenor's claim or defense share a common question of law or fact with the main action and that the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b). *See also Kootenai Tribe v. Veneman,* 313 F.3d 1094, 1111 (9th Cir. 2002). If the common question of law or fact is shown, intervention is discretionary with the Court. *Id.* (noting permissive intervention was appropriate because "the presence of intervenors would assist the court in its orderly procedures leading to the resolution of this case, which impacted large and varied interests."). *Id.* at 1111.

The prospective intervenors have failed to identify any claim or defense on their behalf that shares a common question of law or fact with Plaintiffs' challenges to the Johnson Bar Fire Salvage Project under NEPA, the ESA, or WSRA. Although these two private companies seek to intervene in this action to protect their economic interests in the two timber salvage contracts, these contracts are byproducts of the Project itself.

---

[1] Although the proposed intervenors have failed to carry their burden to intervene as a matter of right as explained above, the Court still considered the timeliness of the motion to intervene as timeliness is a factor to consider under both Fed. R. Civ. P. 24(a) and (b). Plaintiffs argued the unique circumstances presented in this case, specifically the pending motion for preliminary injunction, the closely approaching hearing on the motion, and the expedited briefing schedule, render the prospective intervenors' motion untimely. Although the prospective intervenors were on notice of the litigation at an earlier date, they were not awarded the Peterson Point and Hot Deck contracts until March 30 and April 4. They jointly filed this motion to intervene within a week of the last acquired contract. In this respect, the Court finds their motion timely.

**ORDER RE: MOTION TO INTERVENE-8**

Case 1:16-cv-00106-CWD Document 33 Filed 04/28/16 Page 9 of 9
Case 2:16-cv-01775-SMM Document 103-1 Filed 04/29/16 Page 11 of 11

**Exhibit 1 to Plaintiffs' Response to NRA's Motion to Intervene**

Furthermore, whether the Court grants or denies the motion for preliminary injunction, the prospective intervenors have failed to identify what role they would play or how their participation would assist the Court with addressing the factual and legal questions before the Court. For example, the prospective intervenors have not alleged any direct involvement in the agency's decision making process or approval of the Project. Because the Court finds the presence of Idaho Forest Group and R&R Conner Aviation would not assist the Court in its orderly procedures leading to the resolution of this matter, the Court will deny the motion to permissively intervene.

## CONCLUSION

Idaho Forest Group and R&R Conner Aviation failed to carry their burden to demonstrate intervention as a matter of right pursuant to Fed. R. Civ. P. 24(a). Likewise, the prospective intervenors have failed to establish a common question of law or fact between those in this action and their claimed economic interests in the timber harvest contracts. Thus, the Court will deny permissive intervention pursuant to Fed. R. Civ. P. 24(b).

## ORDER

1) Idaho Forest Group and R&R Conner Aviation's Motion to Intervene (Dkt. 20) is **DENIED.**

Dated: **April 19, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

**ORDER RE: MOTION TO INTERVENE-9**