Lia Comerford, Oregon Bar No. 141513 (*pro hac vice*)
Allison LaPlante, Oregon Bar No. 023614 (*pro hac vice*)
Kevin M. Cassidy, Oregon Bar No. 025296 (*pro hac vice*)
Earthrise Law Center
Lewis & Clark Law School
10101 S. Terwilliger Blvd.
Portland, OR 97219
(503)768-6823 (Comerford)
(503) 768-6894 (LaPlante)
(781) 659-1696 (Cassidy)
comerfordl@lclark.edu
laplante@lclark.edu
cassidy@lclark.edu

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

### PRESCOTT DIVISION

| | |
|---|---|
| Center for Biological Diversity, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> United States Forest Service, <br><br> Defendant, <br><br> and <br><br> National Rifle Association of America, Inc., et al., <br><br> Intervenor Defendants. | Case No: 3:12-cv-08176-SMM <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT** |

**INTRODUCTION**

Plaintiffs the Center for Biological Diversity, Sierra Club, and Grand Canyon Wildlands Council (collectively, the "Center") have moved to amend their Complaint to add a claim against the Director of the Arizona Game and Fish Department and the Commissioners of the Arizona Game and Fish Commission (collectively, the "Arizona Officials"), alleging that these individuals, in their official capacities, have contributed and are contributing to an imminent and substantial endangerment to the environment, as prohibited by the Resource Conservation and Recovery Act ("RCRA"). *See* generally, Plaintiffs' Motion to Amend ("Mot."), Dkt. 175. Defendant U.S. Forest Service and Intervenor Defendants the National Shooting Sports Foundation ("NSSF"), National Rifle Association ("NRA"), and Safari Club International (collectively, "Defendants") oppose the motion, primarily arguing that the Court should wait to rule on the motion until after it rules on Defendants' Rule 12 motions. The Center has no objection to this Court's ruling on all of the motions simultaneously. Moreover, even if the Court rules on the Center's motion prior to ruling on the Rule 12 motions, the Center would not object to a stay of Defendants' deadline to respond to the Amended Complaint until after the Court rules on the Rule 12 motions. This would assuage Defendants' concerns.

Defendants also argue that the Center unduly delayed in seeking to amend its Complaint, and that the amendment is futile. Not only are Defendants wrong on both counts, but they also have not identified any prejudice they would suffer if the Court allowed the amendment, and they cannot claim surprise since they have been on notice of the amendment since the Center responded to the Rule 12 motions in December 2019.

Rule 15 sets forth a liberal standard that courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The Center's motion clearly satisfies this standard and Defendants have failed to meet their burden that the proposed

PLAINTIFFS' REPLY TO MOTION TO AMEND

1

amendment should be denied. The Court should grant the Center's motion.

## ARGUMENT

### I. This Court Can and Should Rule Simultaneously on the Center's Motion To Amend and the Rule 12 Motions.

Defendants' opposition to the Center's motion to amend is based largely on the timing of when the Court rules on the Center's motion vis-à-vis the Rule 12 motions. *See e.g.*, USFS Brief, Dkt. 177, at 2 (requesting that the Court rule on the pending Rule 12 motions before ruling on the Center's motion); NSSF Brief, Dkt. 176, at 2 (same); NRA Brief, Dkt. 178, at 1 (same). Of course, this Court has discretion over when to rule on the motions and the order in which it should do so. The Center requested that the Court rule on its motion either before *or at the same time as* the Court rules on the Rule 12 motions. Practically speaking, there is little, if any, difference, between the Court ruling simultaneously on all pending motions, and the Court ruling on the Center's motion after ruling on the Rule 12 motions. But at bottom, it appears all parties would agree to the Court's ruling on the Center's motion and the Rule 12 motions simultaneously.

### II. Regardless of the Timing, the Court Should Grant the Motion To Amend.

Regardless of whether the Court rules on the Center's motion to amend prior to, simultaneously, or even after ruling on the Rule 12 motions, in the interest of justice the Court should grant the Center's motion.

#### A. Defendants Would Not Suffer Any Undue Prejudice If the Court Granted the Center's Motion.

Granting the Center's motion to amend would not cause undue prejudice to Defendants, whose arguments regarding prejudice are limited to the situation where the Court grants the Center's motion *before* ruling on the Rule 12 motions. *Cf.* USFS Br. at 2–5 *with* USFS Br. at 5–7; NSSF Br. at 4–7 (argument section of brief dedicated to explaining

PLAINTIFFS' REPLY TO MOTION TO AMEND

2

why Court should rule on the Center's motion after ruling on the Rule 12 motions); NRA Br. at 5 (prejudice argument tied to the Center amending while the Rule 12 motions are pending). As stated above, the Center does not object to the Court's ruling on its motion to amend at the same time that it rules on the Rule 12 motions. If the Court does so, then these arguments are moot.

Even if the Court grants the Center's motion prior to ruling on the Rule 12 motions, this would not amount to undue prejudice. *See Pipeline Technologies, Inc. v. Telog Instruments, Inc.*, No. CV 13-02104-PHX-PGR, 2014 WL 2468343, at *2 (D. Ariz. June 3, 2014) (internal quotations omitted) ("Undue prejudice means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense."). The Forest Service argues it would "disrupt[]" the Rule 12 motions, and the NSSF and the NRA raise similar arguments. *See* USFS Br. at 2; NSSF Br. at 6; NRA Br. at 5. The Forest Service further posits that because a court decision granting its motion would terminate this case, "it would be a waste of time and resources to file yet another round of briefs, particularly when the proposed amendment admittedly does not seek to alter the RCRA claim asserted against the Forest Service." USFS Br. at 2. These arguments do not withstand even minimal scrutiny.

As an initial matter, the Court's granting of the Forest Service's motion would not terminate this case. *See infra* at Section II(C). But more pertinent here, the proposed allegations parallel those already in the Complaint, and the proposed amendment does not alter the existing claim against the Forest Service. *See generally*, Proposed Amended Complaint, Dkt. 175–2; *see also e.g.*, *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. Mar. 6, 2000) (where proposed amendment would add new

PLAINTIFFS' REPLY TO MOTION TO AMEND

3

defendants, finding no undue prejudice because the amendments "do not raise factual claims unrelated to the events" in the existing complaint, and no trial date had been set and discovery had not been completed). The Arizona Officials may move to dismiss the Center's claim once they are parties to the case, but neither the Forest Service nor Intervenors need to participate in that briefing. Nor would they need to "redo" their existing motions. *See* Effect of an Amended Pleading, 6 Fed. Prac. & Proc. § 1476 (3d ed.) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending."). Further, the fact that the parties might have to engage in additional briefing does not rise to the level of "undue prejudice." *See Nissou-Rabban v. Capital One Bank (USA), N.A.*, 285 F. Supp. 3d 1136, 1145 (S.D. Cal. Jan. 23, 2018) (in considering motion to amend, stating that "the expenditure of additional monies or time do not constitute undue prejudice").

Contrary to the NRA's suggestions, it is not improper for a plaintiff to seek to amend its complaint while Rule 12 motions are pending. NRA Br. at 1, 2, 5. The Federal Rules of Civil Procedure allow a plaintiff to amend its complaint *as a matter of course* within 21 days of receiving a response. Fed. R. Civ. Proc. 15(a)(1)(B). Here, more than 21 days had passed since Defendants first responded to the Center's Complaint, and the Center was statutorily required to send a notice letter and wait at least 90 days before suing the Arizona Officials. *See* Dkt. 46 (Forest Service motion to dismiss, filed in 2012); Dkts. 118, 120, 124, and 125 (Intervenors' Answers and Rule 12 motions, filed in 2016); 42 U.S.C. § 6972(b)(2). As such, because Defendants did not consent to the amended Complaint, the Center filed its motion. Fed. R. Civ. Proc. 15(a)(2). But that plaintiffs can amend their complaints as a matter of course in response to Rule 12 motions, and that the Center could have done so absent the unusual circumstances here, demonstrates that the NRA's argument is meritless. Moreover, consistent with Rule 15's liberal standard, courts

PLAINTIFFS' REPLY TO MOTION TO AMEND

4

regularly grant motions to amend while Rule 12 motions and even summary judgment motions are pending.[1] *See e.g., Venugopal v. Citibank, NA,* No. C 12-2452, 2013 WL 174483, at *2 (N.D. Cal. Jan. 16, 2013) (rejecting defendant's argument that it would suffer undue prejudice from having to reprise previous arguments if the court allowed amended complaint, stating: "[E]ven if the Court were to deny Plaintiff's current request for leave to amend, it could still grant Plaintiff leave to amend later when it ruled on Defendant's motion to dismiss. This is why courts are typically reluctant to deny a plaintiff leave to amend simply because [*sic*] motion to dismiss is pending."); *Sasse v. Illinois Cent. R. Co.,* No. 3:06-cv-121, 2006 WL 1722369, at *1 (S.D. Illinois June 22, 2006), at *1 (granting motion to amend while motion to dismiss and motion for summary judgment were pending).

### B. The Center Did Not Unduly Delay in Filing Its Motion To Amend.

Contrary to Defendants' arguments, the Center did not unduly delay in filing its motion to amend. Defendants complain that the Center should have sought to amend its Complaint earlier in the litigation. *See* USFS Br. at 6–7; NRA Br. at 3–4 (arguing that the Center unreasonably delayed in seeking to amend its Complaint because "Plaintiffs should have known eight years ago that Arizona is a required party"). But this argument ignores the fact that the Center is seeking to amend its Complaint now *in direct response to* the Rule 19 arguments raised in Intervenors' Rule 12 motions. *See* Mot. at 2 (explaining the Center's reasoning for filing the motion now); *see also* NSSF MJOP, Dkt. 160, at 17

---

[1] In the cases cited by the NRA where courts denied motions to amend complaints while motions to dismiss were pending, neither of the plaintiffs had to wait for a statutory notice period before amending, and there were also other aggravating facts not present here. *See Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 942–43 (N.D. Cal. Dec. 19, 2014) (plaintiff did not identify facts not available at the time it filed its first amended complaint and opposition to pending motions); *Moreno v. Castlerock Farming and Transport, Inc.*, No. 1:12-cv-00556, 2012 WL 4468439, at *2 (E.D. Cal. Sept. 26, 2012) (amendment would modify existing causes of action subject to pending motion).

PLAINTIFFS' REPLY TO MOTION TO AMEND

5

(raising Rule 19 argument); NRA/SCI MTD, Dkt. 161, at 13–14 (same).[2] These motions ask the Court for the first time to rule on a pure question of law: whether Arizona is a required party that cannot be joined due to sovereign immunity. This Court should reject this argument, as neither Arizona or the Arizona Officials are required parties. *See* Plaintiffs' Consolidated Response to Rule 12 Motions, Dkt. 167, at 26–39. As such, the Center was not required to sue them. *See Simpson v. Alaska State Com'n for Human Rights*, 608 F.2d 1171, 1174 (9th Cir. 1979) ("A plaintiff ordinarily is free to decide who shall be parties to his lawsuit."). Defendants are essentially arguing that the Center should have, years ago, amended its Complaint to add in a claim that they do not believe they need to include, in response to a legal argument with which they disagree—an argument that no one, until now, has asked the Court to rule on. Defendants have not pointed to a case suggesting that a plaintiff should have to do so or else be prohibited from later amending their Complaint, despite Rule 15's liberal standard for amendments.

If there is any delay here it has been caused by Arizona, which purposefully chose to delay raising its Rule 19 argument. Arizona moved to intervene at the beginning of this lawsuit for the purpose of raising a Rule 19 defense. *See generally*, Arizona Motion to Intervene, Dkt. 21. This Court denied Arizona's motion as moot when it dismissed the Center's case. *See* Order, Dkt. 81, at 7–8. On remand, rather than renew its motion, Arizona chose to wait and see what would happen with the Forest Service's anticipated Rule 12 motion. *See* Status Conference Transcript, Dkt. 116, at 7–8 (attorney for Arizona stating Arizona's intent to "wait on" the Court's decision on the Forest Service's Rule 12 motion

---

[2] The dicta that the Forest Service and NSSF point to from the Ninth Circuit's opinion reversing this Court's second dismissal of this case was referring to an amendment "to more fully spell out the bases for USFS's contributor liability[.]" *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 925 F.3d 1041, 1053 (9th Cir. 2019); *see also* USFS Br. at 6; NSSF Br. at 3, n. 1. If anything, the Ninth Circuit's comment suggests that it would not find a motion to amend, at this stage in the case, untimely.

before filing its motion to intervene for purposes of filing a Rule 12 motion). In contrast, the Center's proposal was "to figure out who's in the case first, and then deal with the motions to dismiss." *Id.* at 5–6.

Furthermore, Defendants have not identified any prejudice they will suffer as a result of the Center's purportedly "delayed" motion. *See* Mot. at 7 (explaining that undue delay is delay that prejudices the opposing parties or imposes unwarranted burdens on the court). The parties have not reached the discovery stage of the litigation; no party has filed a motion for summary judgment; and there is not a trial date set. *Id.* The NRA points to several cases to support its argument that the pending Rule 12 motions equate to Defendants' suffering prejudice if the Court allows the amendment. *See* NRA Br. at. 5. But in each of these cases, there were other factors, beyond the pending motions, that led to the courts' findings of prejudice. *Castle v. Knowles*, No. CV1-08-01267, 2010 WL 2232394, at *4 (E.D. Cal. June 3, 2010) (denying motion to amend where plaintiff had already amended complaint and where defendants would suffer prejudice from undue delay and having to file additional briefs in response to futile amendments); *supra* at Section II(A) n.1 (discussing *Mulato* and *Moreno*).[3] In addition, Defendants have been on notice for

---

[3] Other cases cited by Defendants are also distinguishable because they involve amendments under aggravated circumstances not present here. *See e.g.*, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388–89 (9th Cir. 1990) (affirming denial of motion to amend where amendment would have required additional discovery and relitigation of a second lawsuit); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951–54 (9th Cir. 2006) (affirming denial of motion to amend where party was seeking to add factual allegations that it had learned of months prior to the amendment and after admitting contrary facts); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir. 1991) (affirming denial of motion to amend where district court had already granted summary judgment against moving party, discovery was over, and the trial date was only months away); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (affirming denial of motion to mend where plaintiff waited six weeks after claims were dismissed to move to amend, and had ignored earlier invitation to amend); *Loos v. Immersion Corp.*, 762 F.3d 880, 890–91 (9th Cir. 2014) (affirming denial of motion to amend where district court had previously provided plaintiff with explanation as to how to fix deficient complaint, and plaintiff had

PLAINTIFFS' REPLY TO MOTION TO AMEND

7

months that the Center intended to amend its Complaint, as a precautionary measure, to add a claim against the Arizona Officials. *See* Dkt. 167 at 40. The Forest Service and NRA further argue that the Center has failed to offer any "good reason" for the motion or "acceptable excuse" for the delay. USFS Br. at 2; NRA Br. at 4–5. But these arguments incorrectly place the burden on the Center to explain is amendment; consistent with Rule 15's liberal standard, Defendants bear the burden of proving that the Court should deny the amendment. *See Supermarket Energy Technologies, LLC v. Supermarket Energy Solutions, Inc.,* No. CV-10-2288-PHX-SMM, 2014 WL 12538890, at *1 (D. Ariz. Jan. 29, 2014). Defendants have not met this burden.[4]

Regardless, the Center has provided a reason: it is doing so in response to arguments raised for the first time in the Rule 12 motions, as well as because the motion might speed up resolution of this case. This more than satisfies Rule 15's liberal standard. Fed. R. Civ. Proc. 15(a)(2). The NRA's reliance on *Mullen v. Surtshin* does not save its argument because the *Mullen* plaintiff had already amended its complaint twice and had "foregone a third opportunity [from the Court]" to file a third amended complaint. 590 F. Supp. 2d 1233, 1236–37 (N.D. Cal. 2008). Here, the Center is seeking to amend its Complaint for the first time.

Rather than cause prejudice, resolving this case quickly would presumably benefit all parties and the Court, not to mention the California condors and other scavengers that continue to face an imminent and substantial endangerment while this case remains

---

failed to do so); *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532–33 (9th Cir. 2008) (affirming denial of motion to amend where district court had determined that amendment would be futile); *Bergdale v. Countrywide Bank FSB*, No. CV-12-8057-PCT-SMM, 2013 WL 12174685, at *2–3 (D. Ariz. Dec. 5, 2013) (denying motion to amend where plaintiff was seeking leave to file a second amended complaint and the deadline for filing an amended complaint had passed).

[4] In addition, the NRA fails to articulate any prejudice caused by the Center's waiting two months after the 90-day notice period expired to file its motion. NRA Br. at 4.

PLAINTIFFS' REPLY TO MOTION TO AMEND

8

unresolved. The Forest Service calls the notion that the Center's motion might speed up the case "implausible" because "the outcome of the pending Rule 12 motions should be determinative one way or the other." USFS Br. at 4. But as discussed *infra*, that is not true. Instead, the Center's motion places the question of whether the Center can amend its Complaint affirmatively before the Court. While the Center asked the Court to allow it to amend its Complaint in its response brief to the Rule 12 motions, *see* Dkt. 167 at 40, the proper way to request relief from a court is to do so via a motion. *See* LRCiv 7.2. And while a court may, in its discretion, allow a plaintiff to amend its complaint when it grants a Rule 12 motion, courts are not required to do so.

The Center's motion may safeguard against further delay that could arise if the Court, in the absence of a motion to amend, were to either (1) dismiss the Center's case on the Rule 19 arguments but not give the Center leave to amend, or (2) dismiss the Center's case without reaching the Rule 19 arguments. In the first instance, were the Center to appeal, it could argue that the Court should have given the Center leave to amend even in the absence of a motion seeking leave to do so. But the Center's motion provides extra reasoning for the Ninth Circuit to reach the question of whether the Center should be allowed to amend. In the second instance—if the Court dismisses the Center's case without reaching the Rule 19 argument—then, in the absence of the Center's having filed a separate motion to amend, the Ninth Circuit might reverse the Court's decision and, on remand, the Intervenors and/or Arizona would again raise their Rule 19 defense. After a third appeal and remand, the parties would still be briefing Rule 12 motions.

### C.  The Center's Proposed Amendment Is Not Futile.

"An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal quotations omitted). The

PLAINTIFFS' REPLY TO MOTION TO AMEND

9

fact that a Rule 12 motion to dismiss is pending does not mean that a motion to amend a complaint is "futile." *St. Paul Fire & Marine Ins. Co. v. United States*, 24 Cl. Ct. 518, 521 (1991). The Forest Service contends that a Court ruling granting its Rule 12 motion will be dispositive as to whether the Arizona Officials can be "contributors" under RCRA. USFS Br. at 5–6. But if the Court finds that the Forest Service cannot be a "contributor," this does not necessitate a holding that the Arizona Officials cannot be contributors. The Center's claims against the Forest Service and the Arizona Officials are not identical, nor do they rely on one another. While there are questions of law and fact common to both, each claim rests on a unique set of facts regarding how the agency or official contributes to the disposal of lead ammunition on the Kaibab. *See e.g.*, Dkt. 175-2, at ¶¶17, 29–30, 49, 54–58. Additionally, although the Center pleads a single claim against the Arizona Officials, the Director and Commissioners are distinct legal actors, and the Court could find that either the Director or the Commissioners, or both, could be "contributors." Thus, if the Court grants the Forest Service's motion, that would not require dismissal of the claim against the Arizona Officials.

NSSF also asserts that the Center's amendment is futile due to the arguments raised by Intervenors in their Rule 12 motions. NSSF Br. at 5. However, as the Center explained in its response to those motions, those arguments are wrong, and the Court should reject them. Dkt. 167 at 17–25. Furthermore, even if the Court were to agree with Intervenors' arguments, that would not necessarily result in the dismissal of the Center's claims as futile. For example, if the Court were to find that the ESA 10(j) Rule for condors precluded a lawsuit under RCRA, that would not render the Center's amendment futile because the Center's claims are not exclusively tied to condors. *Id.* at 25–26.[5]

---

[5] Defendants' futility arguments depend on the Court's granting of their Rule 12 motions. If the Court ruled on the Center's motion prior to ruling on the Rule 12 motions, or denied the Rule 12 motions, then Defendants' futility arguments also fail.

PLAINTIFFS' REPLY TO MOTION TO AMEND

10

Finally, Defendants do not seriously contest the Center's ability to sue Arizona Officials in Federal Court. The Forest Service states that the Center "incorrectly assume[s] they could add the Arizona Officials as defendants even if the Court finds that the State cannot be sued due to sovereign immunity," USFS Br. at 4. The NRA makes a similar statement. NRA Br. at 2 n.1.[6] But Defendants offer no explanation or support for these statements, which are at odds with the *Ex Parte Young* doctrine that recognizes that a State's protection from suit does not apply to state officials sued in their official capacities for ongoing violations of federal law, provided plaintiffs are seeking prospective relief. 209 U.S. 123, 159–60 (1908); *see also Koala v. Khosla*, 931 F.3d 887, 894–95 (9th Cir. 2019) (discussing *Ex Parte Young*); *Thompson v. United* States, No. 3:18-cv-00147, 2018 WL 5833062, at *4 (D. Nev. Nov. 7, 2018) (dismissing case based on Rule 19 sovereign immunity argument, but stating that "[t]his does not necessitate denial of leave to amend, because an amended complaint could potentially state claims against non-immune Defendants"). Therefore, even if the Court agrees with the Rule 19 arguments, the Center may still sue the Arizona Officials, in their official capacities, to enjoin their future actions that may present and imminent and substantial endangerment to the environment.

**CONCLUSION**

For the forgoing reasons, and for the reasons in the Center's motion to amend and supporting memorandum, the Court should grant the Center's motion.

Dated this 23rd day of September, 2020.

            s/ Lia Comerford
            Lia Comerford, Oregon Bar No. 141513 (*pro hac vice*)
            Allison LaPlante, Oregon Bar No. 023614 (*pro hac vice*)

---

[6] Defendants also briefly refer to additional arguments that the Arizona Officials might raise in response to Center's proposed claim. USFS Br. at 4; NRA Br. at 2–3. These bare-bone statements are not sufficient to overcome Rule 15's liberal standard.

PLAINTIFFS' REPLY TO MOTION TO AMEND

11

|   |   |
|---|---|
| 1 | Kevin M. Cassidy, Oregon Bar No. 025296 (*pro hac vice*) |
| 2 | Earthrise Law Center |
|   | Lewis & Clark Law School |
| 3 | 10101 S. Terwilliger Blvd. |
|   | Portland, OR 97219 |
| 4 | (503) 768-6823 (Comerford) |
| 5 | (503) 768-6894 (LaPlante) |
|   | (781) 659-1696 (Cassidy) |
| 6 | comerfordl@lclark.edu |
| 7 | laplante@lclark.edu |
|   | cassidy@lclark.edu |

*Attorneys for Plaintiffs*

PLAINTIFFS' REPLY TO MOTION TO AMEND

12

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, which will send notification of such filing to the following:

**Michael C. Augustini**, United States Department of Justice, Attorney for Defendant United States Forest Service.

**L. John LeSueur**, Attorney for the State of Arizona.

**Jeremy Clare,** Attorney for Safari Club International.

**Michael T. Jean**, Attorney for National Rifle Association.

**Norman D. James and Rhett Billingsley**, Attorneys for Intervenor Defendant National Shooting Sports Foundation.

**Kevin Cassidy and Allison LaPlante**, Attorneys for Plaintiffs.

*s/* Lia Comerford