1
2
3
4
5
6           **IN THE UNITED STATES DISTRICT COURT**
7              **FOR THE DISTRICT OF ARIZONA**
8

| | |
|---|---|
| 9   Center for Biological Diversity, et al., | No. CV-12-08176-PCT-SMM |
| 10             Plaintiffs, | **ORDER** |
| 11   v. | |
| 12   United States Forest Service, | |
| 13             Defendant. | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |

18       Before the Court are the following four interrelated motions: Defendant United

19 States Forest Service's ("Forest Service") Motion to Dismiss (Doc. 157); Defendant-

20 Intervenor National Shootings Sports Foundation's Motion for Judgment on the Pleadings

21 (Doc. 160); Defendants-Intervenors National Rifle Association of America and Safari Club

22 International's Motion to Dismiss (Doc. 161); and Plaintiffs Center for Biological

23 Diversity, Sierra Club, and Grand Canyon Wildlands Council's (collectively, "Plaintiffs")

24 Motion to Amend Complaint (Doc. 175). Having reviewed the parties' briefings, the Court

25 issues the following ruling.[1]

26         [1] The parties' request for oral argument is denied because the parties have had an

27 adequate opportunity to present their written arguments, and oral argument will not aid in
the Court's decision. LRCiv 7.2(f); see Lake at Las Vegas Investors Grp. Inc., v. Pac

28 Malibu Dev., 933 F.2d 724, 729 (9th Cir. 1991).

## I.      BACKGROUND[2]

Plaintiffs are nonprofit organizations dedicated to the conservation of native species and ecosystems. (Doc. 1 at 4.) Plaintiffs, their members, and their members' families frequent areas of northern Arizona such as the Kaibab National Forest and Grand Canyon National Park. (Id. at 5.)

Forest Service is a federal agency within the United States Department of Agriculture, which oversees and manages the Kaibab National Forest. (Id. at 3.) The Kaibab National Forest is public land of approximately 1.6 million acres, which borders the north and south rims of the Grand Canyon. (Id. 3-4.)

On September 5, 2012, Plaintiffs filed suit against Forest Service under the citizen's provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, "to limit the disposal of a known toxin on public lands in northern Arizona and to protect wildlife species threatened by exposure to spent lead ammunition in their foraging range within [Forest Service] land in Arizona." (Id. at 2.) Plaintiff state that "though the Forest Service has broad authority and responsibility to protect public land and the wildlife found there, the agency has failed to take action to stop the disposal of lead in the form of spent ammunition on Forest Service land." (Id. at 2.) As a result, Plaintiffs seek judicial review, as well as declaratory and injunctive relief, to "stop the continued endangerment to wildlife species occurring within the Kaibab National Forest, and to prevent the harm to the Plaintiffs and their members that has resulted and is resulting from the ongoing endangerment." (Id.)

On December 14, 2012, Forest Service moved to dismiss Plaintiffs' complaint for lack of Article III standing pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, for failure to state a claim pursuant to Rule 12(b)(6). (Doc. 46.) The Court granted Forest Service's motion, stating that Plaintiffs failed to establish sufficient likelihood of redressability, and thus, the Court lacked Article III jurisdiction. (Doc. 81 at

---

[2] The Court takes all well-pled factual allegations in Plaintiffs' Complaint (Doc. 1) as true for the purpose of the instant motions. Wyler Summit P'ship v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998).

7.) Plaintiffs subsequently appealed, and the United States Court of Appeals for the Ninth Circuit reversed the Court's decision, concluding that Plaintiffs' complaint was sufficient to establish Article III standing. (Docs. 83; 86-1 at 2.) The Court of Appeals remanded to the Court to consider the question of whether "there is a valid cause of action sufficient to survive the Forest Service's motion to dismiss under Rule 12(b)(6). (Id. at 5.)

After appeal, National Shootings Sports Foundation Incorporated ("National Shooting Sports"), National Rifle Association of America ("National Rifle Association"), and Safari Club International (collectively, "Defendants-Intervenors") filed motions to intervene. (Docs. 90, 95.) The Court granted Defendants-Intervenors' motions, and Defendants-Intervenors each filed answers to Plaintiffs' complaint. (Docs. 117, 119; 118; 120.)  Thereafter, Forest Service filed its motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), National Shooting Sports filed its motion for judgment on the pleadings, and National Rifle Association and Safari Club International filed a motion to dismiss. (Docs. 123; 124; 125.)

The Court did not reach the merits of either the motions to dismiss or the motion for judgment on the pleadings because "the Court [could not] regard Plaintiffs' suit as other than a request for an advisory opinion, which this Court is without power to render." (Doc. 137 at 2-3.) It was on these grounds that the Court granted each motion and dismissed Plaintiffs' claims without prejudice. (Doc. 137 at 10.)

Plaintiffs again appealed. (Doc. 139.) The Ninth Circuit reversed the Court's decision and remanded to the Court to consider the questions of first impression pertaining to contributor liability under the RCRA. (Doc. 145-1 at 23.) In its opinion, Ninth Circuit stated that further proceedings could allow the parties to "present the issues as they have evolved more fully" and could allow Plaintiffs "the opportunity to seek to amend its Complaint so as to more fully spell out the bases for [Forest Service's] contributor liability, if it so chooses." (Id.)

Now, before the Court are the Forest Service's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and Defendants-Intervenors' motions to dismiss for

failure to state a claim pursuant to Rule 12(b)(6) and motion for judgment on the pleadings. (Doc. 157, 160, 161.) Subsequently, Plaintiffs filed its motion to amend complaint. (Doc. 175.)

## II.   LEGAL STANDARD

### A.  Failure to State a Claim

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, [a] party is entitled to judgment as a matter of law." Lyon v. Chase Bank USA, N.A., 656 F.3d 877, 883 (9th Cir. 2011) (internal quotations omitted). The standard that applies to motions for judgment on the pleadings made under Federal Rule of Civil Procedure 12(c) is the same standard that governs motions to dismiss under Rule 12(b)(6). Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, (2009). The plausibility standard does not amount to a probability requirement; however, it demands "more than a sheer possibility that a defendant has acted unlawfully." Id. In evaluating a motion to dismiss, "all well-pled allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit P'ship v. Turner Broad Sys. Inc., 132 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 55.

**B. Amended Complaint**

When, as here, a party moves to amend its complaint, whether to allow amendment of the complaint is governed by Rule 15(a). See Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Id. When determining whether to grant leave to amend under Rule 15, the court should consider whether: (1) there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) there have been repeated failures to cure deficiencies by previous amendments; (3) there has been undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) amendment would be futile. See Sharkey v. O'Neal, 778 F.3d 767, 774 (9th Cir. 2015) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

## III.   DISCUSSION

Forest Service moves to dismiss Plaintiffs' claim pursuant to Rule 12(b)(6) and Defendants-Intervenors move for judgment on the pleadings pursuant to Rule 12(c) and to dismiss Plaintiffs' claim pursuant to Rule 12(b)(6), Rule 12(b)(7), and Rule 9(b). (Docs. 157; 160; 161.) Forest Service argues that Plaintiffs' allegations fail as "more active involvement is necessary to establish that the [Forest Service] 'contributed' or is 'contributing' to the alleged disposal of spent ammunition by others within the Kaibab." (Doc. 157 at 7.) Defendants-Intervenors argue, *inter alia*, that (1) lead ammunition does not constitute "solid waste," (2) Plaintiffs failed to sufficiently plead the existence of threat of an imminent and substantial endangerment to human health, and (3) Plaintiffs failed to join the State of Arizona, a required party in this matter. (Docs. 160 at 13, 19; 161 at 7.) The Court will first address Forest Service's motion to dismiss pursuant to Rule 12(b)(6).

**A. Forest Service's Motion to Dismiss**

The issue remanded by the Court of Appeals is whether Forest Service is a contributor within the meaning of the RCRA. (Doc. 145-1 at 23.) More specifically, the question is "whether owning or managing land on which disposal of solid waste by third parties is ongoing, known, and unabated can be a sufficiently active role to permit contributor liability." (Id. at 22-23.) Forest Service asserts that Plaintiffs' claim fails

"because 'more active involvement' is necessary to establish that the [Forest Service] 'contributed' or is 'contributing' to the alleged disposal of spent ammunition *by others* within the Kaibab." (Doc. 157 at 8 (emphasis in original).) Plaintiffs, in opposition, state that the Forest Service is a contributor under RCRA because (1) the Forest Service has a measure of control over waste disposal on the Kaibab based on its regulatory authority and landowner status; and (2) the Forest Service is actively involved in the waste disposal on the Kaibab because "it issues Special Use permits that facilitate hunting that causes endangerment." (Doc. 167 at 14.)

The RCRA "is a comprehensive environmental statute that governs the treatment, storage, and disposal of solid and hazardous waste." Meghrig v. KFC W., Inc., 516 U.S. 479, 483 S. Ct. (1996.) Pursuant to the RCRA, 42 U.S.C. § 6972,

> …any person may commence a civil action on his own behalf against any person, including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

42 U.S.C. § 6972 (a)(1)(B). In a RCRA citizen's suit involving an imminent and substantial endangerment to health or the environment, a plaintiff must establish:

> (1) The defendant is "any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, (2) who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste (3) which may present an imminent and substantial endangerment to health or the environment.

Ecological Rights Found v. Pac. Gas and Elec. Co., 713 F.3d 502, 514 (9th Cir 2013); see also Ctr. for Cmty. Action & Envtl. Justice v. BNSF R. Co., 764 F.3d 1019, 1023 (9th Cir. 2014). The Ninth Circuit requires a defendant to have some degree of control over or be actively involved in the waste disposal process to be liable under the RCRA. See Hinds Invs., L.P. v. Angioli, 654 F.3d 846, 851 (9th Cir. 2011).

Here, the Court finds that Plaintiffs fail to establish that the Forest Service is a "contributor" within the meaning of the RCRA, and Plaintiffs, therefore, cannot state a plausible claim for relief under § 6972(a)(1)(B). In the instant complaint, Plaintiffs state that, based on its regulatory authority and landowner status, the Forest Service has a measure of control over the waste disposal on the Kaibab. (Doc. 1 at 8.) Moreover, Plaintiffs state that the Forest Service failed to act to prevent the use of lead ammunition, although it possesses the ability to act as evidenced by its special use permits for hunting guides and outfitters. (Id. at 5-6.) However, Plaintiffs' allegations do not establish that the Forest Service is a contributor under the RCRA.

National Forests are public lands owned by the United States and administered by the Forest Service. See 16 U.S.C. § 1609(a). The Property Clause of the United States Constitution gives Congress the power to "dispose of or make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. However, Congress preserved the states' traditional powers to manage wildlife and hunting on federal lands, including the Kaibab, except where Congress has acted affirmatively to assert federal interest. See Kleppe v. New Mexico, 426 U.S. 529, 545-46 (1976); Defs. of Wildlife v. Andrus, 627 F.2d 1238, 1248 (D.C. Cir. 1980); see also Fund for Animals, Inc. v. Thomas, 932 F. Supp. 368, 369-70 (D.D.C. 1996) ("The common law has always regarded the power to regulate the taking of animals ferae naturae to be vested in the states to the extent their exercise of that power may not be incompatible with, or restrained by, the rights conveyed to the Federal government by the Constitution.") Each national forest is required to cooperate with state wildlife agencies to allow hunting in "accordance with the requirements of State laws." See 36 C.F.R. § 241.2. In fact, the Forest Service defers to Arizona's hunting regulations which govern National Forest lands in Arizona. See Ariz. Rev. Stat. § 17-234.

The State of Arizona, through the Arizona Game and Fish Commission, regulates all aspects of hunting in Arizona, including on federal land. See Ariz. Rev. Stat. Ann. § 17-231. A.R.S. § 17-231 authorizes Arizona Game and Fish to establish broad policies and

long-range programs for the management, preservation, and harvest of wildlife. Arizona allows hunters to use lead ammunition except when hunting waterfowl, see generally Ariz. Admin. Code § R-12-4-304, and hunting is authorized within the national forests in Arizona by State Commission order. See A.R.S. § 17-234. The State Commission establishes by order bag and possession limits, see A.R.S. § 17-234, and prescribes by rule lawful methods for taking wildlife. A.A.C. R12-4-304. The State Commission also has adopted rules specifying the types of weapons and ammunition that are authorized in taking wildlife on national forests. See, e.g., A.A.C. R12-4-303(A). Ammunition prohibited statewide includes tracer, armor-piercing, or full-jacketed ammunition designed for military use. A.A.C. R12-4-303(A)(2). Any individual, organization, or agency may petition the Commission to make, amend, or repeal any of its rules, including the manner and methods of taking game. A.A.C. R12-4-601.

With this in mind, while the United States has ownership of national forests and national forests are administered by the Forest Service, it is the State of Arizona that ultimately has a degree of control over hunting on the Kaibab. Thus, while the Forest Service oversees the Kaibab, it has not exercised control over hunting on the Kaibab.

Moreover, "[m]ere ownership of contaminated land, "absent some evidence of an active function connected to the waste, is insufficient for contribution under RCRA." Greenup v. Est. of Richard, No. 219CV07936SVWAGR, 2019 WL 8643875, at *2 (C.D. Cal. Dec. 13, 2019) (citing to City of Imperial Beach v. Int'l Boundary & Water Comm'n, U.S. Section, 356 F. Supp 3d 1006, 1023, (S.D. Cal. 2018)). Rather, defendants must take some affirmative steps in the management of waste to be considered contributors. Id. at 1. Or control the actor who directly causes the pollutants to enter into the system. Id. at 2. Plaintiffs fail to establish that the Forest Service is actively involved in the waste disposal. See id.

Further, "[t]he Ninth Circuit has defined 'contribute' to mean 'lend assistance or aid to a common purpose,' 'have a share in any act or effect,' 'be an important factor in,' or 'help to cause.'" Cmty. Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC, 80 F.

Supp. 3d 1180, 1228 (E.D. Wash. 2015) (citing <u>Hinds</u>, 654 F.3d at 850)). "In applying the <u>Hinds</u> standard, lower courts in the Ninth Circuit have required defendants to take some affirmative steps in the management of waste to be considered contributors." <u>Greenup</u>2019 WL 8643875, at *2. Said differently, the Ninth Circuit requires a defendant "to have some active function in creating, handling, or disposing of the waste to be a contributor." <u>Id.</u>; <u>see</u> <u>Hinds</u>, 654 F.3d at 851. A contributor is apparent if there exists control over "the actor who directly causes the pollutants to enter into the system; that is, the actor who pays the fees to use the system and has it within his control to allow for the physical release of pollutants." <u>Lewis v. Russell</u>, No. CIV. 2:03-2646 WBS, 2012 WL 4747172, at *1 (E.D. Cal. Oct. 3, 2012). Accordingly, because the Court found that the Forest Service had no control over national the national forests, the Forest Service cannot be a contributor.

Not only does the Forest Service not constitute a contributor, but the Forest Service's conduct as alleged in the complaint is passive. Rather, Plaintiffs describe the Forest Service's lack of action to prevent the disposal of lead spent ammunition. (Doc. 1 at 2.) However, a lack of action does not reach the standard of a contributor. In fact, it describes the opposite of a contributor. <u>Hinds</u>,654 F.3d at 850 (defining "contribute" as to "lend assistance or aid to a common purpose" or to "have a share in any act or effect" or "to be an important fact in; help to cause.")

Plaintiffs next argues that the Forest Service is a contributor because the Forest Service issues special use permits for outfitters and guides. (Doc. 1 at 13.) Specifically, Plaintiffs state that 36 C.F.R. § 251.50 requires each "Special Use Permit" to contain terms and conditions that "'[m]ininize damage to scenic and aesthetic values and fish and wildlife habitat and otherwise protect the environment.'" (Doc. 167 at 26.) Therefore, "[t]he Forest Service could include as a condition of the Special Use Permits, a requirement that persons hunt in a manner that does not result in the disposal of spent lead ammunition on the Kaibab." (<u>Id.</u>) However, because it does not issue such a condition, the Forest Service is actively involved in the waste disposal. (<u>Id.</u>)

Pursuant to 36 C.F.R. § 251.50, individuals or entities "must obtain a special use

1    authorization" prior to partaking in a special use activity. While outfitting or guiding

2    requires such a permit, "[a] special use authorization is not required for noncommercial

3    recreations activities, such as … hunting." 36 C.F.R. § 251.50(c)-(d). Accordingly, unless

4    hunters enlist the assistance of an outfitter or guide, the Court finds that they may hunt on

5    the Kaibab without special use authorization and without being subject to the terms and

6    conditions included in the special use authorization. Therefore, hunters that proceed

7    without an outfitter or guide are not under the control of the Forest Service.

8         Based on the above, the Court finds that Plaintiffs failed to allege facts that establish

9    that the Forest Service is a contributor under the RCRA. Because the Court finds that

10   Plaintiffs have failed to establish that the Forest Service is a contributor under the RCRA,

11   it need not address Defendants-Intervenors subsequent motions to dismiss for failure to

12   state a claim pursuant to Rule 12(b)(6) and motion for judgment on the pleadings. (Doc.

13   157, 160, 161.) The Court will now address Plaintiffs' motion to amend.

14        **A. Motion to Amend Complaint**

15        Plaintiffs filed the instant motion to amend its complaint, moving to add a claim

16   against the Director of the Arizona Game and Fish Department, in their official capacity,

17   and the Commissioners of the Arizona Game and First Commission, in their official

18   capacities (collectively, "Arizona Officials"). (Doc. 175 at 2.) Plaintiffs allege that the

19   Arizona Officials are contributing to the disposal of spent lead ammunition on the Kaibab.

20   (Id.) Further, Plaintiffs propose that their amendment will "update some of the facts alleged

21   in the Complaint to reflect changed circumstances and other small, non-substantive edits."

22   (Id. at 7.) However, Plaintiffs are "not seeking to amend or add claims against the Forest

23   Service or [Defendants-Intervenors], and the legal theory and facts supporting the claim

24   against the Forest Service will remain the same." (Id. at 8.)

25        The issue remanded to this Court was whether the Forest Service is a contributor

26   under the RCRA. As detailed above, the Court finds that Plaintiffs have failed to allege

27   that the Forest Service is a contributor. Plaintiffs' proposed amendment, which does not

28   amend the facts against the Forest Service, will not remedy that discrepancy. Therefore,

unless Plaintiffs allege facts that the Forest Service was actively involved in the disposal of the spent lead ammunition – which Plaintiffs do not intend to do – an amendment of Plaintiff's complaint against the Forest Service would be futile. See Sharkey, 778 F.3d at 774.

Further, while Plaintiffs move to amend their complaint to add claims against Arizona officials, Plaintiffs fail to address the prohibitions within the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under this amendment, "an unconsenting state is immune from suits brought in a federal court by citizens of another state or … citizens of her own." Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 873 (9th Cir. 1987). A state may waive its immunity by giving an unequivocal indication that it consents to suit in federal court. Id. A state "unequivocally indicates" consent when (1) the state expressly consents to federal jurisdiction in the context of the litigation; (2) a state statute or constitution provision expressly provides for suit in federal court; or (3) Congress clearly intends to condition the state's participation in a program or activity on the state's waiver of its immunity. Id.

"'It is well established that agencies of the state are [also] immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court.'" Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017) (quoting Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty., 343 F.3d 1036, 1040 (9th Cir. 2003)); Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 873 (9th Cir. 1987) ("The Eleventh Amendment's jurisdiction bar also extends to suits brough in federal court against state agencies and departments."). This also includes state officials, with one exception. Sofamor Danek Grp., Inc. v. Brown, 124 F.3d 1179, 1183 (9th Cir. 1997). The Supreme Court recognized the one exception in the case of Ex parte Young, 209 U.S. 123 (1908), in which it held that federal courts have jurisdiction over suits

1   against state officers to enjoin official actions that violate federal law, even if the state itself

2   is immune from suit under the Eleventh Amendment. See id. at 155-156. As a result, state

3   officials may, in limited circumstances, be subject to suit in federal court, "to permit the

4   federal courts to vindicate federal rights and hold [them] responsible to the 'supreme

5   authority of the United States.'" Sofamor Danek Grp., Inc. v. Brown, 124 F.3d 1179, 1184

6   (9th Cir. 1997).

7         Here, Plaintiffs fail to establish in their proposed amended complaint that the

8   Arizona Officials fall within this limited exception. Therefore, the Court denies Plaintiffs'

9   motion to amend without prejudice.

10  **IV.    CONCLUSION**

11        Accordingly,

12        **IT IS HEREBY ORDERED granting** the Forest Service's Motion to Dismiss.

13  (Doc. 157.)

14        **IT IS FURTHER ORDERED denying as moot** Defendant-Intervenor National

15  Shootings Sports Foundation's Motion for Judgment on the Pleadings. (Doc. 160.)

16        **IT IS FURTHER ORDERED denying as moot** Defendants-Intervenors National

17  Rifle Association of America and Safari Club International's Motion to Dismiss. (Doc.

18  161.)

19        **IT IS FURTHER ORDERED denying without prejudice** Plaintiffs' Motion to

20  Amend Complaint (Doc. 175.)

21        **IT IS FURTHER ORDEED dismissing without prejudice** this matter in its

22  entirety. The Clerk of the Court should enter judgment accordingly.

23        Dated this 31st day of March, 2021.

24

25

26                          Honorable Stephen M. McNamee

27                          Senior United States District Judge

28